```
┌─────────────────────────┐
│ USDC SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: 12/20/07    │
└─────────────────────────┘
```



*So ordered*
*12-19-07*
*[signature]*

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

KARL J. ASHANTI
Assistant Corporation Counsel
Phone: (212) 227-0414
Fax: (212) 788-9776
kashanti@law.nyc.gov

December 19, 2007

**BY FACSIMILE**
Honorable Alvin K. Hellerstein
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

    Re: Leroy Hayes v. City of New York, et al.
        07 CV 9807 (AKH)(AJP)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and one of the attorneys assigned to represent defendant City of New York in the above-referenced matter. I write to respectfully request an enlargement of time from Wednesday, December 19, 2007 until Tuesday, February 19, 2008, for the defendant to answer or otherwise respond to the complaint. Plaintiff's counsel consents to this application.

    In the complaint, plaintiff alleges, *inter alia*, that in November 2006, February 2007, March 2007 and May 2007, he was subjected to a pattern of harassment, assaults and beatings by uniformed employees of the New York City Department of Correction in violation of his First, Eighth and Fourteenth Amendment rights.

    There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiff for execution a release for his medical records. Also, as the complaint does not indicate the disposition of plaintiff's criminal charges but infers that he remains a pre-trial detainee incarcerated at DOC, this office will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, the official records concerning plaintiff's arrest, including many of DOC's records, may be sealed.

If the records are sealed, we will not be able to obtain them from DOC or any other source without the 160.50 designation. Without the aforementioned records, defendant cannot properly assess this case or respond to the complaint.

Second, defendant City of New York appears to have been served with process. However, upon information and belief, not all of the individual defendants have yet been served. The extension should allow time for plaintiff to serve all of the individual defendants with process and for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent all or some of the individual defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to February 19, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Karl J. Ashanti (KA4547)
Assistant Corporation Counsel

cc: Jason Masimore, Esq. (by fax)

2