

**MICHAEL A. CARDOZO**

*Corporation Counsel*

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**KARL J. ASHANTI**
Assistant Corporation Counsel
Phone: (212) 227-0414
Fax: (212) 788-9776
kashanti@law.nyc.gov

February 6, 2008

**BY HAND & ECF**
Honorable Alvin K. Hellerstein
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

      Re:  Leroy Hayes v. City of New York, et al.
            07 CV 9807 (AKH)(AJP)

Your Honor:

      I am an Assistant Corporation Counsel who has been assigned to represent defendant City of New York in the above-referenced action. This office respectfully requests a stay of the above-referenced civil rights action pending the final disposition of the parallel state criminal court proceeding against plaintiff Leroy Hayes. For the reasons set forth below, defendant City of New York believes, in the interest of judicial economy, a stay of the entire case is appropriate, until there is a resolution of the pending criminal court proceeding. In addition, Plaintiff's counsel has consented to a stay.

      Resolution of the parallel state court proceeding may affect defendant City of New York's response to the complaint. So as not to compromise the pending criminal court proceeding, we prefer to address representational issues regarding the individually named defendants after the criminal matter is resolved. The above-referenced civil rights action arose, in part, out of the same exact circumstance that underlies the criminal prosecution, which is a physical confrontation between plaintiff and correction officers that occurred on November 14, 2006. It is well settled that staying a civil action pending the outcome of parallel criminal proceedings is appropriate for reasons of judicial economy and the resolution of parallel issues. As the district court held in Estes-El v. Long Island Jewish Medical Center:

> It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings. See, e.g., *Deakins v. Monaghan*, 484 U.S. 193, 202, 108 S. Ct. 523, 529-30, 98 L. Ed. 2d 529 (in § 1983 action, approves of court rule requiring a district court to stay rather than dismiss federal civil action in favor of state criminal proceedings); *Mack v. Varelas*, 835 F.2d 995, 999-1000 (2d Cir. 1987) (orders stay of § 1983 action pending resolution of parallel state criminal proceedings; "postponement of [federal] adjudication is prudentially warranted because one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim"); *Giulini v. Blessing*, 654 F.2d 189, 193 (2d Cir. 1981) (a "federal court is not precluded, in the exercise of its discretion, from staying proceedings in the [civil] action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views.").

Estes-El v. Long Island Jewish Medical Center, 916 F. Supp 268 (S.D.N.Y. 1995); see also Jackson v. Suffolk County Homicide Bureau, 135 F.3d 254, 257 (2d Cir. 1998) (for "a civil claim that neither depends on nor necessarily results in invalidation of, but could have an impact on, the [criminal] conviction… the proper course is for the district court to stay further proceedings on that claim pending termination of the state-court criminal proceedings…").

Upon information and belief, based upon the allegations within the complaint and the records of the Department of Correction, there is a pending criminal action which underlies plaintiff's civil suit. The instant Section 1983 civil rights action and pending state criminal court action are based on the same underlying events. Thus, because a disposition of the criminal charges against plaintiff may be determinative of his claims against defendant City of New York and because the instant civil rights action could impact the pending criminal proceedings, a stay is warranted.

Therefore, for the reasons set forth above, including the effect that the underlying state criminal proceeding may have on defendant City of New York's answer, as well as for the reason of judicial economy, we respectfully request a stay of the above-referenced civil rights action until the disposition of the parallel state criminal court proceeding.

Thank you for your consideration of this request.

Respectfully submitted,

Karl J. Ashanti (KA4547)
Assistant Corporation Counsel

cc: Jason Masimore, Esq. (by Fax & ECF)

3